# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

Connie Denice Watson,

          Plaintiff,         Case No. 24-12066

v.                                  Judith E. Levy
                                  United States District Judge

Martin Sovis, *et al.*,

                                  Mag. Judge Anthony P. Patti

          Defendants.

_____/

## ORDER DISMISSING THE CASE WITHOUT PREJUDICE

*Pro se* Plaintiff Connie Denice Watson brings suit against nine Defendants: Martin Sovis, Jame E. White, Wayne Sikorcin, Donna Ramere, Kendra Glenn, Alexis Glenn, A. J. Khubani, Joshua Malone, and Kendall Harter. (ECF No. 9, PageID.100.) She alleges that Defendants stole her idea for a device relating to filling and tying water balloons. (*Id.* at PageID.100–101.) She filed the complaint on August 7, 2024, and submitted an amended complaint on August 12, 2024. (ECF Nos. 1, 5.) Plaintiff proceeds without prepayment of the filing fee pursuant to 28 U.S.C. § 1915(a)(1). (ECF Nos. 2, 6.)

On October 2, 2024, the Court issued an order for Plaintiff to show cause by November 6, 2024, why this matter should not be dismissed pursuant to 28 U.S.C. § 1915(e). (ECF No. 7.) In this order, the Court stated:

> Plaintiff's amended complaint fails to state a claim for two reasons. First, Plaintiff's allegations in the amended complaint are insufficient to show that subject matter jurisdiction exists. Second, her amended complaint does not comply with Federal Rule of Civil Procedure 8(a).

(*Id.* at PageID.91.) In response, Plaintiff timely filed a second amended complaint. (ECF No. 9.)

Plaintiff's second amended complaint does not cure the issues identified in the Court's order to show cause. Plaintiff's second amended complaint must be dismissed because it fails to state a claim. 28 U.S.C. § 1915(e)(2)(B).

When a plaintiff proceeds without counsel, the Court must liberally construe the complaint and hold it to a less stringent standard than a similar pleading drafted by an attorney. *See Sutton v. Mountain High Invs., LLC*, No. 21-1346, 2022 WL 1090926, at *2 (6th Cir. Mar. 1, 2022) (citing *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). "But the rule that *pro se* filings should be liberally construed does not exempt *pro se*

2

litigants from basic pleading standards." *Johnson v. E. Tawas Hous. Comm'n*, No. 21-1304, 2021 WL 7709965, at *1 (6th Cir. Nov. 9, 2021) (citing *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989)).

Plaintiff's second amended complaint is insufficient to show that subject matter jurisdiction exists. For a federal court to preside over a case, it must have subject matter jurisdiction. Subject matter jurisdiction is a threshold issue in all federal cases. *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 101 (1998).

In the order to show cause, the Court determined that it did not have diversity subject matter jurisdiction over this case. "There is not complete diversity between the parties because Plaintiff and at least one Defendant are both citizens of Michigan." (ECF No. 7, PageID.93); *see also Washington v. Sulzer Orthopedics, Inc.*, 76 F. App'x 644, 645 (6th Cir. 2003) (stating that "complete diversity" requires "that no party share citizenship with any opposing party" (citing *Safeco Ins. Co. of Am. v. City of White House*, 36 F.3d 540, 545 (6th Cir. 1994))). In Plaintiff's second amended complaint, she includes additional information about Defendants' citizenship. (*See* ECF No. 9, PageID.115–123.) However, the Court's analysis does not change. Plaintiff indicates that she,

3

Defendant Jame E. White, and Martin Sovis are all citizens of Michigan. (*Id.* at PageID.122–123.) Based on this information, there is not complete diversity between the parties because Plaintiff and at least one Defendant are both citizens of Michigan. Thus, the Court does not have diversity jurisdiction in this case.

Further, in the order to show cause, the Court determined that Plaintiff's amended complaint did not establish federal question subject matter jurisdiction because she did not describe under what laws she brings suit. (ECF No. 7, PageID.94.) Plaintiff's second amended complaint contains the same deficiencies. Plaintiff does not identify a federal statute at issue in this case. (*See* ECF No. 9, PageID.115–123 (leaving blank the section of the form stating, "If the Basis for Jurisdiction Is a Federal Question[,] List the specific federal statutes, federal treaties, and/or provisions of the United States Constitution that are at issue in this case.").) While Plaintiff filed an extensive narrative of the facts, she does not identify any laws. Because it is not clear if her claims arise under federal law or implicate significant federal issues, the Court does not have enough information to establish federal question jurisdiction over her suit. Her allegations in the second

4

amended complaint remain insufficient to show subject matter jurisdiction.

Finally, Plaintiff's second amended complaint does not conform with Federal Rule of Civil Procedure 8(a). Federal Rule of Civil Procedure 8(a) states that a complaint must contain: "(1) a short and plain statement of the grounds for the court's jurisdiction . . . ; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought, which may include relief in the alternative or different types of relief." As with her amended complaint, Plaintiff's second amended complaint does not contain "a short and plain statement of the grounds for the court's jurisdiction." Fed. R. Civ. P. 8(a)(1). Further, Plaintiff's second amended complaint does not provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Plaintiff's voluminous complaint does not identify a cause of action and does not describe, with a short and plain statement, under what laws – state or federal – she brings suit against each Defendant.

While Plaintiff responded to the Court's order to show cause, she has not fixed the deficiencies identified by the Court. (*See* ECF No. 7.)

For the reasons set forth above, the case is DISMISSED WITHOUT PREJUDICE pursuant to 28 U.S.C. § 1915(e)(2)(B).

IT IS SO ORDERED.

Dated: November 7, 2024       s/Judith E. Levy
Ann Arbor, Michigan      JUDITH E. LEVY
     United States District Judge

CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or first-class U.S. mail addresses disclosed on the Notice of Electronic Filing on November 7, 2024.

     s/William Barkholz
     WILLIAM BARKHOLZ
     Case Manager